UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERESA VAUGHAN,                    Case No. 3:15-cv-01205-AA

      Plaintiff,                          OPINION AND ORDER

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

---

Merrill Schneider
Schneider Kerr law Offices
P.O. Box 14490
Portland, OR 97293
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

John C. Lamont
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of her application for disability insurance benefits (DIB). Plaintiff argues that the case should be remanded for the calculation of benefits. After review of the record and the parties' submissions, the decision of the Commissioner is affirmed.

## BACKGROUND

On August 11, 2007, plaintiff filed an application for DIB, alleging disability as of January 1, 1999. Tr. 1241. Her application was denied initially and on reconsideration. Plaintiff, a medical expert, and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ), Tr. 1172-1237. On July 23, 2010, an ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 70-86. The Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded the case for additional proceedings to examine the severity of a potential mental impairment and reevaluate plaintiff's complaints. Tr. 93-96.

On September 4, 2012, an ALJ held another administrative hearing and on October 11, 2012 issued another decision finding plaintiff not disabled. Tr. 18-34, 44-67. The Appeals Council denied review of that decision and plaintiff sought judicial review in this Court. Tr. 1.

2 - OPINION AND ORDER

Based on the parties' stipulated motion for remand, the Court remanded the case for additional proceedings to further develop the record, evaluate medical source opinions, and obtain supplemental evidence from a vocational expert. Tr. 1319-21.

On March 2, 2015, a final administrative hearing was held, and on April 2, 2015, the ALJ issued yet another decision finding plaintiff not disabled since her alleged onset date. Tr. 1238-59, 1269-85. The ALJ's decision became final on June 2, 2015, and plaintiff now seeks judicial review for a second time. Tr. 1239.

Born in 1968, plaintiff was thirty-one years old as of the alleged onset date of disability and forty-three years as of her date last insured, with a high school education and past relevant work as a housecleaner and housecleaner supervisor. Tr. 1209, 1257-58. She alleges disability since January 1, 1999, due to neck, shoulder, and arm pain, depression, and concentration deficits. Tr. 256.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

3 - OPINION AND ORDER

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. *See* 20 C.F.R. § 404.1520(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 1244; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of cervical degenerative disc disease, status post left rotator cuff repair, depression, and a pain disorder; but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is considered "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Tr. 1244-46; 20 C.F.R. § 404.1525(a); *id.* § 404.1520(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform light work, with no limited climbing and no more than occasional overhead work using her arms. Tr. 1247; 20 C.F.R. § 404.1520(e). The ALJ also found that plaintiff generally was limited to simple, routine, repetitive tasks and occasionally more complex tasks. Tr. 1247. Based on these findings, the ALJ found that plaintiff could not perform her past relevant work at step four. Tr. 1257; 20 C.F.R. § 404.1520(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy. 20 C.F.R. § 404.1520(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a cashier II, mail room sorter, and self-service store attendant. Tr. 1258. Accordingly, the ALJ found plaintiff not disabled under the Act.

DISCUSSION

Plaintiff argues that the ALJ erred by failing to assign adequate weight to the opinion of a treating neurologist, Dr. Sax, and a medical expert's endorsement of that opinion. As a result, plaintiff maintains that the ALJ's RFC assessment is invalid and that she should be deemed disabled under the Act.

In June 2010, Dr. Sax completed a medical source statement and indicated that plaintiff suffered from "pain and stiffness in neck"; could lift or carry less than ten pounds occasionally and no weight frequently; could stand or walk ten minutes at a time for a total of one hour in an eight-hour workday; could sit for thirty minutes at a time for a total of four hours in an eight-hour workday; could never climb, balance, stoop, kneel, crouch, crawl, reach overhead or handle objects; and experienced pain and fatigue that frequently would interfere with plaintiff's attention and concentration. Tr. 1129-31. When asked to list the evidence that supported her opinion, Dr. Sax stated that plaintiff "has pain that interferes w/ her life activities." Tr. 1131. During the second administrative hearing on June 14, 2010, plaintiff's counsel questioned Dr. Rullman, a medical expert. Counsel asked if Dr. Sax's "opinions about residual capacity are reasonably supported by the records?" and Dr. Rullman answered, "Yes." Tr. 1203.

The ALJ found that Dr. Sax's opinion was not supported by objective findings or an adequate explanation to support the noted limitations. Tr. 1255-56. Specifically, the ALJ stated:

> The undersigned gives Dr. Sax's opinion little weight for the reasons discussed in the prior opinions. Specifically, Dr. Sax failed to provide any explanation or objective findings that would support the limitations she assessed....In addition, Dr. Sax's treatment records are devoid of findings that would support the extent of the limitations she assessed, and are limited primarily to decreased range of motion of the neck, but noted full strength and no neurologic deficits; Dr. Sax also noted that MRI showed "mild" findings and she assessed "mild" cervical dystonia. In addition, records documents subsequent improvement, and the

claimant's activities suggest greater functioning than alleged by Dr. Sax. The undersigned also notes that Dr. Sax's opinion regarding [plaintiff's] symptoms causing frequent interference with concentration, persistence, and pace is not consistent with the generally unremarkable mental status examination findings. Finally, her conclusion that the claimant would miss more than two days of work was based on pain that interfered with her "life activities," which appears to have been based largely on the claimant's subjective report, as the record documents a variety of daily activities and shows that the claimant consistently attended medical appointments, worked part-time, cared for her family, and tended to her household.

Tr. 1255-56; *see also* Tr. 31-32. Plaintiff contends that the ALJ gave insufficient reasons to reject Dr. Sax's opinion, particularly when Dr. Rullman testified that it was supported by the record.[1]

Generally, the "opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, Dr. Sax's opinion was contradicted by several providers. Tr. 416-21, 717-24, 735-38, 747-48, 1085-95, 1132-42, 1254-56. Therefore, the ALJ was obligated to provide specific and legitimate reasons to reject it. The ALJ did so, and I find no error.

The ALJ first noted that Dr. Sax failed to provide any explanation or cite any objective evidence for the stated limitations. The ALJ is correct; Dr. Sax simply stated that plaintiff experienced pain and stiffness in her neck that interfered with her life activities. Tr. 1131. It is well-established that an "'ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"

---

[1] Plaintiff otherwise does not take issue with the ALJ's treatment of Dr. Rullman's opinion and testimony. *See* Pl.'s Brief 9, n.1; Tr. 1244.

*Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Further, the ALJ found that Dr. Sax's opinion was not supported by the objective medical evidence of record. While allegations of pain "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The record reflects that plaintiff saw Dr. Sax in 2001, 2004, 2005, and then again in 2009; corresponding reports note generally unremarkable results, normal strength in plaintiff's extremities, some decreased sensation in plaintiff's arms, and limited movement in plaintiff's neck for which Dr. Sax prescribed conservative treatment. Tr. 375-83, 449-52, 969-71, 1053, 1067-69. Notably, while Dr. Sax found attention and concentration deficits, she is not a psychologist and did not conduct mental status examinations. Given the reports of record, the ALJ did not err in finding that the extensive limitations assessed in Dr. Sax's source statement were not supported by objective evidence. Moreover, Dr. Rullman did not identify or specify the records supporting the limitations assessed by Dr. Sax, and it is the ALJ's role to evaluate and resolve inconsistencies in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Plaintiff nonetheless states that "the record *does* contain objective findings by multiple providers that have led to the assessment of limitations." Pl.'s Opening Brief 11. However, plaintiff includes no citations to the record to support this statement; instead, plaintiff emphasizes that the ALJ recognized Dr. Sax's finding of decreased range of motion in plaintiff's neck. *Id.* While the ALJ did so, the ALJ rationally found that a decreased range of motion did not explain

7 - OPINION AND ORDER

the extensive limitations on standing, walking, sitting, lifting, or carrying. Tr. 1255; *Andrews*, 53 F.3d at 1039-40 ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

The ALJ also found that the limitations assessed by Dr. Sax were inconsistent with plaintiff's daily activities, which included caring for an elderly relative, assisting her husband in his shop, cooking, performing household chores, shopping, and attending medical appoints. Tr. 1254, 1256. This finding is a rational interpretation of the evidence and supported by the record. Tr. 280-84, 297-99, 1149, 1151, 1158, 1498, 1516, 1520, 1531-33, 1535, 1539, 1542; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between a physician's opinion and a claimant's daily activities "may justify rejecting a treating provider's opinion").

Next, the ALJ found that, given the limited objective medical findings, Dr. Sax must have relied on plaintiff's subjective complaints in opining that plaintiff's pain would cause frequent interruption with plaintiff's attention and concentration. Tr. 1256. It is undisputed that the ALJ found plaintiff's allegations to be less than credible, and an ALJ "may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)).

In sum, the ALJ's assessment of Dr. Sax's opinion is supported by substantial evidence, and I find no error. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's decision to discount the opinions of treating physicians that were in checklist form, unsupportive by objective evidence, contradicted by other assessments, and based on the claimant's "subjective descriptions of pain").

CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 31 day of October, 2016.

Ann Aiken
United States District Judge

9 - OPINION AND ORDER